UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEORGE ALERTO CELAYOS, | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO. 3:06-CV-205 AS |
| DANIEL McBRIDE, *et al.*, | ) |
| Defendants. | ) |

### *OPINION AND ORDER*

Jeorge Alerto Celayos, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right

> acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Celayos alleges that on March 30, 2005, Correctional Officer James Sutherland used excessive force against him when he cut his wrists with handcuffs, yanked up on his handcuffs injuring his arms and shoulders, punched him in the face, rammed his face into a window and frame, and slammed his face and head into walls and doors. He alleges that Correctional Officer Tania Norwood used excessive force against him when she struck him on the back of the head with a flashlight. He alleges that Correctional Officers James Sutherland, Christopher White, Jerrid Midkiff, and Brent Loggins used excessive force against him when they lifted him by his handcuffs and leg shackles. He alleges that Correctional Officer Jerrid Midkiff pushed his face into his pillow so that he could not breathe while Correctional Officer Christopher White twisted his feet and ankles, while Correctional Officer Brent Loggins yanked up on his arms with his handcuffs, while Correctional Officer James Sutherland jumped on his back with his knee. Without providing any specific details, he also alleges that Correctional

Officer Nicholas Bickers beat him. Mr. Celayos alleges that he was not resisting the officers and that these were unprovoked sadistic attacks.

> Where a prison security measure is undertaken to resolve a disturbance, such as occurred in this case, that indisputably poses significant risks to the safety of inmates and prison staff, we think the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm. As the District Judge correctly perceived, such factors as the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted are relevant to that ultimate determination. From such considerations inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur. But equally relevant are such factors as the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response.
>
> When the ever-present potential for violent confrontation and conflagration, ripens into actual unrest and conflict, the admonition that a prison's internal security is peculiarly a matter normally left to the discretion of prison administrators carries special weight. Prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. That deference extends to a prison security measure taken in response to an actual confrontation with riotous inmates, just as it does to prophylactic or preventive measures intended to reduce the incidence of these or any other breaches of prison discipline. It does not insulate from review actions taken in bad faith and for no legitimate purpose, but it requires that neither judge nor jury freely substitute their judgment for that of officials who have made a considered choice. Accordingly, in ruling on a motion for a directed verdict in a case such as this, courts must determine whether the evidence goes beyond a mere dispute over the reasonableness of a particular use of force or the existence of

>arguably superior alternatives. Unless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain under the standard we have described, the case should not go to the jury.

*Whitley v. Albers*, 475 U.S. 312, 321-322 (1986) (citations, ellipsis, and quotation marks omitted). Giving Mr. Celayos the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he has stated an excessive force claim against Correctional Officers James Sutherland, Tania Norwood, Christopher White, Jerrid Midkiff, Brent Loggins, and Nicholas Bickers.

Mr. Celayos alleges that Correctional Officers James Sutherland, Christopher White, Jerrid Midkiff, and Brent Loggins denied him medical treatment when they removed him from the medical department on March 30, 2005. He alleges that Nurse Patricia West denied him medical treatment when she left him in his cell without providing him any medical treatment. He alleges that Nurse Practitioner Barbara Brubaker denied him medical treatment when she did not respond to his health care requests. He also alleges that Superintendent Daniel McBride and Major George Payne denied him medical care because they did not intervene to get him medical care after he informed them that the medical staff were ignoring him.

In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). Giving Mr. Celayos the benefit of the inferences to which he was entitled at the pleading stage of this

4

proceeding, he has stated a claim for a denial of medical treatment against Nurse Patricia West, Nurse Practitioner Barbara Brubaker, Superintendent Daniel McBride, Major George Payne, and Correctional Officers James Sutherland, Christopher White, Jerrid Midkiff, and Brent Loggins.

For the foregoing reasons, the court:

(1) **GRANTS** Jeorge Alerto Celayos leave to proceed against Correctional Officers James Sutherland, Tania Norwood, Christopher White, Jerrid Midkiff, Brent Loggins, and Nicholas Bickers in their individual capacities for monetary damages for an excessive use of force in violation of the Eighth Amendment;

(2) **GRANTS** Jeorge Alerto Celayos leave to proceed against Nurse Patricia West, Nurse Practitioner Barbara Brubaker, Superintendent Daniel McBride, Major George Payne, and Correctional Officers James Sutherland, Christopher White, Jerrid Midkiff, and Brent Loggins in their individual capacities for monetary damages for a denial of medical care in violation of the Eighth Amendment;

(3) **DISMISSES** all other claims;

(4) **DIRECTS** the clerk to transmit the summons and USM-285 for Daniel McBride, George Payne, Tania Norwood, Christopher White, Jerrid Midkiff, Nicholas Bickers, James Sutherland, Brent Loggins, Patricia West, and Barbara Brubaker to the United States Marshals Service along with a copy of this order and a copy of the complaint;

(5) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Daniel McBride, George Payne, Tania Norwood, Christopher White, Jerrid Midkiff, Nicholas Bickers, James Sutherland, Brent Loggins, Patricia West, and Barbara Brubaker; and

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Daniel McBride, George Payne, Tania Norwood, Christopher White, Jerrid Midkiff, Nicholas Bickers, James Sutherland, Brent Loggins, Patricia West, and Barbara Brubaker respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claims for which he has been granted leave to proceed in this screening order.

**IT IS SO ORDERED.**

**ENTERED: September 8 , 2006**

> **S/ ALLEN SHARP**
> **ALLEN SHARP, JUDGE**
> **UNITED STATES DISTRICT COURT**